**WASHINGTON C. H. (City), Plaintiff-Appellee, v. CARSON, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 280.   Decided October 20, 1955.

William M. Junk, City Solicitor, Washington C. H., for plaintiff-appellee.

Harvey Crow, Cleveland, for defendant-appellant.

**OPINION**

By THE COURT:

Submitted on motion of plaintiff-appellee to strike the Bill of Exceptions from the files because it had been altered after filing without the knowledge or consent of the trial court or Prosecuting Attorney.

The facts as claimed by appellee in its motion are not controverted and it thus appears that the general charge of the court to the jury and an affidavit of appellant have been added since the bill has been settled and allowed by the trial judge, and that such additions were not known by the trial judge or the Prosecuting Attorney.

By deleting the added subject matter of the Bill, it will be in the identical condition as when it was settled and allowed.

The charge as it has been added to the bill, in probability, is correct and could have been incorporated upon a motion for diminution of the record. However, it was highly irregular to make it a part of the bill without the authentication of the trial judge. Likewise, the subject matter of the affidavit should have been presented to the trial judge with the request that if correct it be incorporated in the bill.

Upon the developments, we will sustain the motion to strike that part of the so-called Bill of Exceptions which has been added and overrule it insofar as it requests that the whole bill be stricken from the files.

The case cited by appellee, Johnson v. State, 4 O. C. C. 524, is so meager in its fact as that it may not be accepted as full authority in support of the motion. It appears that the Court did consider a statement of facts. There also was another reason than the alteration of the bill, in the cited case, for the action taken by the Court.

Motion sustained in part and overruled in part.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

WASHINGTON C. H. (City), Plaintiff-Appellee, v. CARSON, Defendant-Appellant.

No. 280. Decided December 27, 1955.

OPINION

By THE COURT:

Submitted on motion of appellant for an order of diminution of the record.

The application is made by authority of §2321.14 R. C.:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

Appended to the motion are two affidavits. No counter affidavits have been filed.

Accepting the affidavits for what they state, it appears that there have been omissions from the Bill of Exceptions occurring through error

in the particulars set forth in the affidavits, namely, in the failure to incorporate an affidavit designated as found at page 13 of the tendered Bill of Exceptions and the general charge of the court to the jury.

The affidavit of counsel for appellant also is to the effect that request was made by counsel of the Court Reporter of the Common Pleas Court for transcription of a full and complete record to be incorporated in the Bill of Exceptions. Such procedure is that which is commonly followed by the profession in the preparation of a Bill.

The memorandum contra the motion urges that by reason of the delay by appellant in requesting diminution of the record, the motion should be overruled.

In **Ohio v. Westfall, 74 Oh Ap 523**, it is held that there is no statutory time limit within which a Bill of Exceptions may be corrected if application properly filed.

In the interest of justice and by reason of the showing in support of the motion, it will be sustained and it will be ordered that the Bill of Exceptions be remanded to the trial court for correction in accord with this opinion.

Motion sustained.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.